USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/29/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLENN MENDEZ,

Plaintiffs,

-against-

CITY OF NEW YORK, et al.,

Defendants.

25-CV-04825 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

Plaintiff Glenn Mendez ("Mendez") was an inspector working for the New York City Fire Department (the "FDNY") between 2010 and 2022. In October 2021, Mendez applied for a religious exemption from the FDNY's COVID-19 vaccination mandate, claiming that taking any available COVID vaccine would violate his sincerely held religious beliefs. In December 2021, the FDNY denied the application, and Mendez was later terminated in accordance with FDNY's vaccination policy. Mendez brings claims for religious discrimination against the FDNY and the City of New York (the "City") (together "Defendants") under the New York City Human Rights Law ("NYCHRL"), invoking this Court's diversity jurisdiction. Defendants have moved to dismiss his Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, Defendants' motion is GRANTED in part and DENIED in part.

## BACKGROUND

### I. RELEVANT FACTS[1]

On October 20, 2021, the City's Commissioner of Health and Mental Hygiene issued an order requiring all City employees to receive a COVID-19 vaccine by October 29, 2021 (the

[1] The following facts are taken from Plaintiff's Amended Complaint, Dkt. No. 17 ("AC") and are assumed true solely for purposes of resolving Defendants' motion to dismiss. The Court refers to the

"Vaccine Mandate."). AC ¶ 29; Defs.' Mem. at 2. Mendez was employed by the FDNY as an inspector at the time. AC ¶ 20. As provided in the Vaccine Mandate, Mendez submitted a Reasonable Accommodation Request (the "Request") to Defendants on October 25, 2021, indicating that he was "exercising [his] right to a religious waiver on all vaccinations." *Id.* ¶ 38; Dkt. No. 23-1. The Request stated that "the injection of foreign substances" into Mendez's body, a divine "temple," would offend his lifelong "spiritual beliefs based on scripture," and referenced various passages from the Bible. Dkt. No. 23-1.

The FDNY denied Mendez's application on December 30, 2021, stating that: "[t]he asserted basis for the accommodation is insufficient to grant the requested accommodation, particularly in light of the potential undue hardship to the Department." AC ¶¶ 46–47.[2] Pursuant to the Vaccine Mandate, Plaintiff filed a timely appeal of this decision to the Citywide Panel, which was denied on June 6, 2022, with the explanation that the "FDNY has established an undue hardship if [Reasonable Accommodation] were to be granted." *Id.* ¶ 54; Dkt. No. 23-2.

On June 21, 2022, the FDNY Human Resources department warned Mendez that if he did not provide proof of vaccination by June 30, 2022, he would be terminated. AC ¶ 58; Dkt. No. 23-3. Mendez did not receive the vaccination and was terminated on July 1, 2022. AC ¶¶ 59, 70. As a result of his termination, Mendez alleges he was forced to leave his life in New York behind and move back to Puerto Rico. *Id.* ¶ 64.

---

parties' memoranda in support of and opposition to the motion to dismiss as follows: Dkt. No. 14-3 as "Defs.' Mem."; Dkt. No. 23 as "Opp."; and Dkt. No. 24 as "Reply."

[2] The AC, at ¶ 46, refers to "Defendant NYPD" as having denied the Request, despite the NYPD not being a party to the present action. The Court presumes for present purposes that Defendant FDNY denied the Request.

## II. PROCEDURAL HISTORY

Mendez filed this lawsuit on June 6, 2025, and Defendants moved to dismiss that Complaint. Dkt. Nos. 1, 14. In response to that motion, Mendez filed an Amended Complaint, generally alleging that Defendants failed to accommodate his sincerely held religious objection to receiving the COVID-19 vaccine, in violation of the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* ("NYCHRL"). AC at 14–22. Defendants did not consider the Amended Complaint as substantively changing any of the legal arguments advanced in their motion and asked the Court to treat its motion to dismiss the original Complaint as its motion to dismiss the Amended Complaint. *See* Dkt. No. 19. The Court agreed to do so and ordered Plaintiff to respond to Defendants' motion. *See* Dkt. No. 20. Defendants' motion to dismiss the Amended Complaint is now fully briefed and before the Court for decision.

## DISCUSSION

## I. LEGAL STANDARD ON A MOTION TO DISMISS

To prevail on a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[3] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On the other hand, a complaint is properly dismissed where the allegations, "however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. "[A]ll allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

presentation by the moving party." *A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir. 1993). The Court's function on a motion to dismiss is only to "determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).

## II. THE FDNY IS NOT A SUABLE ENTITY

As an initial matter, the FDNY cannot be subject to suit, and all claims against it must be dismissed. Per the New York City Charter, "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter § 396. The FDNY does "not have a legal identity separate and apart from the municipality and cannot sue or be sued." *Tweedy v. City of New York*, No. 18-CV-01470 (ALC), 2019 WL 1437866, at *3 (S.D.N.Y. Mar. 29, 2019); *see also Warheit v. City of New York*, No. 02-CV-07345 (PAC), 2006 WL 2381871, at *13 (S.D.N.Y. Aug. 15, 2006) (dismissing claims against FDNY because it is a non-suable entity); *Olabopo v. Gomes*, No. 13-CV-05052 (RRM) (LB)s, 2016 WL 5477586, at *3 (E.D.N.Y. Sept. 29, 2016) (same).[4]

## III. PLAINTIFF'S FAILURE TO ACCOMMODATE CLAIM IS ADEQUATELY PLED

The NYCHRL makes it unlawful for an employer to discharge or discriminate against an employee "in compensation or in terms, conditions, or privileges of employment" because of the employee's "creed." N.Y.C. Admin. Code § 8-107(1)(a)(3). It further requires employers to provide a "reasonable accommodation to the religious needs of such person," meaning an

---

[4] As explained further *infra*, Plaintiff, in any event, effectively abandoned any argument that the FDNY can be sued by wholly failing to address Defendants' arguments on this point in its opposition to the present motion.

"accommodation to an employee's or prospective employee's religious observance or practice" that does not cause the employer "undue hardship." *Id.* § 8-107(3).

**A. Prima Facie Case**

To establish a prima facie NYCHRL failure to accommodate claim, a plaintiff must allege that he (1) has a bona fide religious belief conflicting with an employment requirement; (2) informed his employer of this belief; and (3) was disciplined for failure to comply with the requirement. *Algarin v. NYC Health + Hosps. Corp.*, 678 F. Supp. 3d 497, 512–13 (S.D.N.Y. 2023), *aff'd*, No. 23-1063, 2024 WL 1107481 (2d Cir. Mar. 14, 2024). Mendez meets that burden.

The Complaint alleges that Mendez's sincerely held religious beliefs conflicted with the Vaccine Mandate, that he informed Defendants of his beliefs by submitting the application, and that he was ultimately terminated for failing to comply with the Vaccine Mandate. Those allegations are sufficient to state a claim at this stage. *See, e.g.*, *Rizzo v. N.Y.C. Dep't of Sanitation*, 23-CV-07190 (JMF), 2024 WL 3274455, at *2 (S.D.N.Y. July 2, 2024).[5]

The City's counter arguments largely amount to disagreements over whether the statements in Mendez's Request are sufficient to make out a bona fide religious belief and, thus, conflict with the Mandate. *See* Defs.' Mem. at 10–11. Defendants' invocation of *Chinchilla v. New York City Police Department*, where Judge Ho found a five-page letter and a pastor's note sufficient to plead a bona fide belief, is unpersuasive: The fact that Mendez's Request may be *less* detailed than some other plaintiff's in some other case in no way proves that *his* was thus

[5] *Rizzo* involves a Title VII claim. *But see Owens v. City of New York Dep't of Educ.*, No. 21-2875, 2022 WL 17844279, at *2 (2d Cir. Dec. 22, 2022) (The courts "construe the NYCHRL 'more liberally' than its State and federal counterparts [(the New York State Human Rights Law and Title VII, respectively)], interpreting it 'broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible.'" (quoting *Makinen v. City of New York*, 857 F.3d 491, 495 (2d Cir. 2017))).

wholly insufficient as a matter of law. *See Chinchilla v. N.Y.C. Police Dep't*, No. 23-CV-08986 (DEH), 2024 WL 3400526, at *7–*8 (S.D.N.Y. July 12, 2024). Likewise, Defendants' suggestion that Mendez relied on false statements about the vaccine's contents in asserting his religious objections reveals a misunderstanding of the law on religious accommodations and the Court's task on a motion to dismiss. *See, e.g.*, *McEachin v. McGuinnis*, 357 F.3d 197, 201 (2d Cir. 2004) (In assessing the sincerity of a plaintiff's beliefs, the Court may not "question the centrality of particular beliefs or practices to a faith, or the validity of particular litigants' interpretations of those creeds."); *Matos v. Discovery Commc'ns, LLC*, 750 F. Supp. 3d 307, 320 (S.D.N.Y. 2024) (Religious "beliefs need not be acceptable, logical, consistent, or comprehensible to others . . . to merit protection."); *Beickert v. N.Y.C. Dep't of Educ.*, No. 22-CV-05265, 2023 WL 6214236, at *3 (E.D.N.Y. Sept. 24, 2023) ("[B]oth the Supreme Court and the Second Circuit have cautioned courts regarding their limited function when determining whether religious beliefs are protected because defining what is a 'religious' belief or practice is more often than not a difficult and delicate task"); *Carbone v. City of New York*, 25-cv-2368 (JGK), 2025 WL 3206658, at *6 (S.D.N.Y. Nov. 17, 2025) ("[Plaintiff's] allegations regarding the sincerity of his beliefs can be tested in discovery, but on a motion to dismiss they must be accepted.").

Mendez clearly explains that his beliefs, informed by scripture, preclude him from receiving the vaccine as mandated, AC ¶ 72, and the Amended Complaint and the appended Request are rife with religious commands that inform Mendez's beliefs, *see, e.g.*, *id.* ¶ 1; Dkt.

No. 23-1. Those allegations are not so legally deficient on their face as to warrant dismissal at the pleading stage.[6]

**B. Undue Burden**

Once a prima facie case is adequately pled, the inquiry turns to NYCHRL's requirement that employers offer a reasonable accommodation, which is an "'accommodation to an employee's . . . religious observance or practice' that does not cause an 'undue hardship' to the employer." *Algarin*, 678 F. Supp. 3d at 512 (quoting N.Y.C. Admin. Code § 8-107(3)(b)). Mendez alleges that accommodating his religious beliefs would not have been an undue burden because Defendants could have allowed him to wear a mask and routinely submit COVID-19 tests in lieu of vaccination, as he had been doing for the many months between the Vaccine Mandate and his termination. AC ¶ 63. Defendants argue that this proposed accommodation would have caused undue burden or hardship by exposing other FDNY employees and the public to COVID-19, and so would not have been reasonable under the NYCHRL because the City has a duty to maintain a safe workplace. *See* Defs.' Mem. at 12–13.[7]

In addition to Mendez's allegations about the accommodations that he was already receiving before termination, the Amended Complaint also alleges that the FDNY allowed other employees to test and mask in lieu of vaccination. AC ¶¶ 69, 80–82. This showing, accepted as true on the present motion, belies Defendants' contention that offering Plaintiff a reasonable

---

[6] In addition, based on the finding of the Citywide Panel on Mendez's appeal, it appears his exemption request appeal was denied based on undue hardship, and not on any claimed insufficiency of his statement of religious belief. *See* Dkt. No. 23-2.

[7] Although the position that an accommodation would pose an undue burden is an affirmative defense and litigants need not anticipate affirmative defenses in pleading, a motion to dismiss based on an affirmative defense is permissible "'where the facts necessary to establish the defense are evident on the face of the complaint.'" *Chinchilla*, 2024 WL 3400526, at *10 (quoting *Spinelli v. Nat'l Football League*, 903 F.3d 185, 199 (2d Cir. 2018)).

accommodation would have imposed an undue burden or hardship. Defendants' reference to *Algarin* in support of its arguments is of no merit because, in that case, the defendants would have been forced to violate a state rule in order to provide the plaintiff with the accommodation sought—a burden the court considered to be undue even without further factual development. *See Algarin,* 678 F. Supp. 3d at 509. That is not the case here, nor do Defendants argue it is.

Because the Court must accept the allegations in a complaint as true on a motion to dismiss and draw all reasonable inferences in favor of the Plaintiff, and because the Amended Complaint sufficiently pleads a *prima facie* case of failure to accommodate religious beliefs and alleges accommodation would not have posed an undue burden, the motion to dismiss must be denied.

## IV. ANY OTHER CLAIMS HAVE BEEN ABANDONED

Mendez's Amended Complaint brings only one cause of action for "failure to accommodate in violation of the New York City Human Rights Law." *See* AC at 14. However, Defendants construe the Amended Complaint as raising a number of other arguments and claims, at least by implication, which the Court will resolve for completeness and clarity.

Thus, Defendants move to dismiss 1) any discernible Free Exercise claim, 2) Mendez's purported NYCHRL failure to engage in cooperative dialogue claim as a matter of law, 3) Mendez's request for declaratory relief as moot, and 4) Mendez's request for punitive damages as unavailable against a municipality. Defs.' Mem. at 6–7, 13, 15–17. While these four potential claims may not have succeeded on the merits, Mendez (perhaps recognizing this fact) has also failed to respond to any of the Defendants' arguments for their dismissal. Accordingly, to the extent Plaintiff intended to plead any such claims in the Amended Complaint, they are deemed abandoned and are DISMISSED with prejudice. *See, e.g.*, *Jennings v. Hunt Cos.*, 367 F.

Supp. 3d 66, 69 (S.D.N.Y. 2019) ("A district court may, and generally will, deem a claim abandoned when a [counseled] plaintiff fails to respond to a defendant's arguments that the claim should be dismissed."); *Farag v. XYZ Two Way Radio Serv., Inc.*, No. 22-1795, 2023 WL 2770219, at *2 (2d Cir. Apr. 4, 2023) ("In a 'counseled' case, a court may . . . infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned.").[8]

**CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss is GRANTED as to the FDNY and DENIED as to Mendez's failure-to-accommodate claim against the City.

The Clerk of the Court is respectfully directed to terminate the FDNY from this action and to terminate Dkt. No. 14.

After Defendant City files its answer, this case will be automatically referred to mediation in accordance with this District's standing order on counseled employment discrimination cases.

Dated: September 29, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

[8] Defendants' argument that Plaintiff is not entitled to attorney's fees, *see* Defs.' Mem. at 16–17, is premature.